UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:11-cv-60161-XXXX

JAN BENSON SEGAL,

    Plaintiff,

vs.

RK ASSOCIATES, INC.;
RK ASSOCIATES XVIII, LLC, d/b/a RK
Sunny Isles Square – Town Center;
RK BISCAYNE PLAZA, LLC, d/b/a RK
162nd Biscayne Plaza;
RK HALLANDALE, LP; 17070 COLLINS
AVENUE LTD, d/b/a RK Diplomat
Shopping Center; RK HALLANDALE 1,
LLC d/b/a RK Publix Shopping Center;

    Defendants.
_____/

## COMPLAINT

Plaintiff, JAN BENSON SEGAL, individually, on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues Defendants, RK ASSOCIATES, INC.; RK ASSOCIATES XVIII, LLC, d/b/a RK Sunny Isles Square – Town Center; RK BISCAYNE PLAZA, LLC, d/b/a RK 162nd Biscayne Plaza; RK HALLANDALE, LP; 17070 COLLINS AVENUE d/b/a RK Diplomat Shopping Center; RK HALLANDALE 1, LLC d/b/a RK Publix Shopping Center; (hereinafter collectively as "Defendants"), and as grounds alleges:

### JURISDICTION, PARTIES, AND VENUE

1. This is an action for injunctive relief, a declaration or rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq., pursuant to 28 U.S.C. §§ 1331 and 1343.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

4. Plaintiff, JAN BENSON SEGAL, is an individual over eighteen years of age, residing and domiciled in Broward County, Florida, and is otherwise *sui juris*.

5. At all times material, Defendant, R.K. ASSOCIATES, INC., was and is a corporation authorized to do business in the State of Florida with agents and/or offices in Miami-Dade County, Florida.

6. At all times material, Defendant, RK ASSOCIATES XVIII, LLC, d/b/a RK Sunny Isles Square – Town Center, was and is a Limited Liability Company authorized to do business in the State of Florida with agents and/or offices in Miami-Dade County, Florida, and is the owner of the properties located at: 2983-3169 NE 163rd Street North Miami Beach, FL 33160 and 3207 NE 163rd Street North Miami Beach, FL 33160.

7. At all times material, Defendant, RK BISCAYNE PLAZA, LLC, d/b/a RK 162nd Biscayne Plaza, was and is a Limited Liability Company authorized to do business in the State of Florida with agents and/or offices in Miami-Dade County, Florida, and is the owner of the properties located at: 16215-16275 Biscayne Boulevard, North Miami Beach, FL 33160.

8. At all times material, Defendant, RK HALLANDALE, LP; was and is a Limited Partnership authorized to do business in the State of Florida with agents and/or offices in Miami-Dade County, Florida, and is the owner of the properties located at: 1401-1995 East Hallandale Beach Boulevard, Hallandale, FL 33009.

9. At all times material, Defendant, 17070 COLLINS AVENUE LTD d/b/a RK Diplomat Shopping Center was and is a Limited Partnership authorized to do business in the State of Florida with agents and/or offices in Miami-Dade County, Florida, and is the owner of the properties located at: 1401-1995 East Hallandale Beach Boulevard, Hallandale, FL 33009.

10. At all times material, Defendant, RK HALLANDALE 1, LLC d/b/a RK Publix Shopping Center, was and is a Limited Liability Company authorized to do business in the State of Florida with agents and/or offices in Miami-Dade County, Florida, and is the owner of the properties located at: 1400-1484 East Hallandale Beach Boulevard, Hallandale, FL 33009.

11. Venue is properly located in the Southern District of Florida because Defendants' properties are located in and do business within Miami-Dade County, and because a substantial part of the events or omissions giving rise to this claim occurred in Miami-Dade County, Florida.

## FACTUAL ALLEGATIONS

12. Plaintiff, JAN BENSON SEGAL, is an individual with disabilities as defined by the ADA. Plaintiff is wheelchair bound, and suffers from Cerebral Palsy and neurological deficits that render him unable to ambulate without a motorized device. Plaintiff has visited the properties located at (a) 2983-3169 NE 163rd Street North Miami Beach, FL 33160, (b) 3207 NE 163rd Street North Miami Beach, FL 33160, (c) 16215-16275 Biscayne Boulevard, North Miami Beach, FL 33160, (d) 1401-1995 East Hallandale Beach Boulevard, Hallandale, FL 33009; and (e) 1400-1484 East Hallandale Beach Boulevard, Hallandale, FL 33009 which form the basis of this lawsuit and intends to return to the properties to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject properties.

13. The barriers to access at Defendants' properties have denied or diminished Plaintiff's ability to visit the property and endangered his safety. The barriers to access, which are set forth below, have likewise posed a risk of injury, embarrassment, and discomfort to Plaintiff.

14. Defendants own, lease, lease to, or operate, a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA.

15. Plaintiff, JAN BENSON SEGAL, has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the described properties but not necessarily limited to the allegations in paragraph 19 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendants. Plaintiff desires to visit the subject properties not only to avail himself of the goods and services available but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

16. Defendants have discriminated against the individual Plaintiff by denying access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

17. Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of the RK Sunny Isles Square – Town Center, which is found at

the following addresses, 2983-3169 NE 163rd Street and 3207 NE 163rd Street North Miami Beach, has shown that violations exist. These violations include, but are not limited to:

Parking

    a.    Some of the designated accessible parking spaces do not have the proper signage in violation of section 4.6.4 of the ADAAG.
    b.    There are disabled use spaces that do not have proper access aisles violating 4.6.3 of the ADAAG.

A preliminary inspection of the RK 162nd Biscayne Plaza located at 16215-16275 Biscayne Boulevard, North Miami Beach, has shown that violations exist. These violations include, but are not limited to:

Parking

    a.    Some of the designated accessible parking spaces do not have the proper signage in violation of section 4.6.4 of the ADAAG.
    b.    There are disabled use spaces that do not have proper access aisles violating 4.6.3 of the ADAAG.

Entrance Access and Path of Travel

    a.    There are curb ramps at the facility that contain excessive slopes in violation of Sections 4.7.2 and 4.7.5 of the ADAAG.
    b.    There are ramps at the facility that contain excessive slopes or cross slopes in violation of Sections 4.8.2 and 4.8.6 of the ADAAG.

A preliminary inspection of the RK Diplomat Shopping Center located at 1401-1995 East Hallandale Beach Boulevard, has shown that violations exist. These violations include, but are not limited to:

Entrance Access and Path of Travel

    a.    There are curb ramps at the facility that contain excessive slopes in violation of Sections 4.7.2 and 4.7.5 of the ADAAG.
    b.    There are ramps at the facility that contain excessive slopes or cross slopes in violation of Sections 4.8.2 and 4.8.6 of the ADAAG.

A preliminary inspection of RK Publix Shopping Center located at 1400-1484 East Hallandale Beach Boulevard, has shown that violations exist.  These violations include, but are not limited to:

<u>Parking</u>
a. Some of the designated accessible parking spaces do not have the proper signage in violation of section 4.6.4 of the ADAAG.
b. There are disabled use spaces that do not have proper access aisles violating 4.6.3 of the ADAAG.

18. The discriminatory violations described in paragraph 19 are not an exclusive list of the Defendants' ADA violations.  Plaintiff requires the inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of, services, programs and activities of the Defendants' buildings and their facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above.  The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

19. Defendants have discriminated against the individual and corporate Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their place of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 <u>et seq</u>. and 28 CFR 36.302 <u>et seq</u>.  Furthermore, the Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing

to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

20.    Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought.  Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff.  Plaintiff has retained the undersigned counsel and is entitled to recover attorneys fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

21.    A Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public accommodation that has existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

22.    Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer

employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendants

23. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to alter the properties located at (a) 2983-3169 NE 163rd Street North Miami Beach, FL 33160, (b) 3207 NE 163rd Street North Miami Beach, FL 33160, (c) 16215-16275 Biscayne Boulevard, North Miami Beach, FL 33160, (d) 1401-1995 East Hallandale Beach Boulevard, Hallandale, FL 33009; and (e) 1400-1484 East Hallandale Beach Boulevard, Hallandale, FL 33009, and the common exterior areas of the properties to make those facilities readily accessible and useable to the Plaintiffs and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cures their violations of the ADA.

WHEREFORE, the Plaintiff, JAN BENSON SEGAL, respectfully requests that this Honorable Court issue (i.) a Declaratory Judgment determining Defendants at the commencement of the subject lawsuit are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii.) Injunctive relief against Defendants including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii.) An award of attorneys fees, costs and litigation expenses

pursuant to 42 U.S.C. § 12205; and (iv.) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on this 24th day of January, 2011. We further certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

DATED: January 24, 2011

                                      Respectfully submitted,

By: /s/ Daniel B. Reinfeld
DANIEL B. REINFELD, ESQ.
Florida Bar No.: 174815
DANIEL B. REINFELD, P.A.
Ives Dairy Commerce Center
20249 NE 16th Place
Miami, FL 33179
Telephone: (954) 558-8139
Facsimile: (954) 628-5054
E-Mail: dan@reinfeldlaw.com

**Service List**

AARON RENE RESNICK, ESQ.
AARON RESNICK LAW OFFICES
1521 Alton Road, Suite 734
Miami Beach, FL 33139
305-975-3976-fax-877
Fax: 381-6045
Email: aresnick@thefirmmiami.com